# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICK A. CARLONE, | Case No. 19-CV-2118 (MJD/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| CITY OF ST. PAUL and STEVEN HENG, | |
| Defendants. | |

Plaintiff Patrick A. Carlone alleges that he has established adverse possession over a stretch of land titled to the City of St. Paul. The city now seeks to remove Carlone from the property; Carlone commenced this action requesting an injunction preventing the removal. Carlone applied for *in forma pauperis* ("IFP") status. *See* ECF No. 4. That IFP application is before the Court.

As an initial matter, it is not entirely clear that Carlone qualifies financially for IFP status. Carlone's IFP application attests that he has little by way of assets or income, but a limited liability company seemingly controlled by Carlone has (by his own admission) offered St. Paul $1,300 in return for the land at issue. *See* ECF No. 1-1 at 9. The company also, according to Carlone, has made improvements to the property and plans to carry out commercial activity there. This Court suspects that Carlone may have more in assets available to him than he is revealing on his IFP application. At a minimum, Carlone has not attempted to explain this apparent discrepancy.

In any event, an IFP application will be denied and an action dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The jurisdictional basis for this matter is unclear. Carlone alleges that he is seeking relief pursuant to something called the "Federal Land Grab Act," which — so far as this Court can tell — does not actually exist. Apart from his references to this imaginary statute, Carlone frames this matter as an ordinary property dispute between

him and St. Paul (and, for some reason, the attorney representing St. Paul).  But state law, not federal law, governs such property disputes, and this Court lacks original jurisdiction over issues of state law absent complete diversity of citizenship of the parties, *see* 28 U.S.C. § 1332(a), which Carlone has not alleged.

Perhaps the most natural claim available to Carlone arising under *federal* law is one that he does not expressly make: that St. Paul's actions amount to a taking of private property without compensation.  To make such a claim, however, Carlone would have to present plausible allegations that he actually has a legal interest in the property at issue. He has not done so.  The Minnesota Supreme Court has held flatly that "the rule is that one cannot acquire adverse title against the sovereign under our statutory scheme." *Fischer v. City of Sauk Rapids*, 325 N.W.2d 816, 818-19 (Minn. 1982).[1]  And even if such adverse possession of government lands were possible, Carlone's proposed basis for having come into title of the land — that he has for many decades used the land as a walkway to the nearby Mississippi River — is remarkably flimsy; such occasional, non-rivalrous use does not meet the requirement that adverse possession be open, continuous, actual, hostile, and exclusive.  *See Heuer v. County of Aitkin*, 645 N.W.2d 753, 759 (Minn. 2002) (describing requirements for prescriptive easements).

---

[1] *Fischer* left open the possibility of adverse possession "not within the statutory scheme, but rather . . . under the equitable doctrine of estoppel," but described such cases as "rare."  *Fischer*, 325 N.W.2d 816, 819.  The facts as alleged by Carlone, however, even if proved true, do not match the kinds of unusual circumstances described by the Minnesota Supreme Court as qualifying for this equitable exception.  *Id.* (citing *City of Rochester v. North Side Corp.*, 1 N.W.2d 361 (Minn. 1941)).

Carlone has not plausibly alleged that the City of St. Paul is effecting an illegal taking of what is, by all appearances, its own property.  Accordingly, it is recommended that this matter be dismissed without prejudice.  Because there is no likelihood that Carlone will succeed in this litigation, his motion for an injunction should be denied.  *See Newton County Wildlife Ass'n v. U.S. Forest Serv.*, 113 F.3d 110, 113 (8th Cir. 1997).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The application to proceed *in forma pauperis* of plaintiff Patrick A. Carlone [ECF No. 4] be DENIED.

3.  Carlone's motion for an injunction [ECF No. 3] be DENIED.

Dated: August 23, 2019                     s/ *Steven E. Rau*
                                           Steven E. Rau
                                           U.S. Magistrate Judge

**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local

Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).